# NO. 12-22-00022-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GREGGOREY DUANE BROWN, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Greggorey Duane Brown appeals his conviction for assault family/household member by impeding breath or circulation. In a single issue, he contends the trial court improperly assessed a county specialty court account fee as a court cost. We affirm.

## BACKGROUND

Appellant was indicted for the offense of assault family/household member by impeding breath or circulation.[1] Appellant pleaded "guilty" to the offense. He further pleaded "true" to both enhancement paragraphs alleging previous felony convictions. The trial court found Appellant "guilty" and found the enhancement paragraphs "true." Following a punishment hearing, the trial court assessed punishment at fifty years imprisonment. This appeal followed.

## COUNTY SPECIALTY COURT ACCOUNT FEE

In his sole issue, Appellant challenges the assessment of the county specialty court account fee in the bill of costs. Specifically, Appellant contends that no statutory authority supports the imposition of the fee against him.

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2021).

Appellant urges that he should not have been charged the "county specialty court account" because it does not apply to his offense. Prior to June 2019, Article 102.0178(g) provided that funds received from costs on conviction of an offense under Chapter 49 of the Texas Penal Code (intoxication offenses) or Chapter 481 of the Texas Health and Safety Code (controlled substances offenses) would be deposited to the credit of the drug court account to help fund drug court programs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0178(a), (g) (West 2018), *repealed by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.18, 2019 Tex. Gen. Laws 1352. But in June 2019, the Legislature redesignated that account to the "county specialty court account" under Section 134.101(b)(6) of the Texas Local Government Code, i.e., the Local Consolidated Fee on Conviction of Felony. *See* TEX. LOCAL GOV'T CODE ANN. § 134.101(b)(6) (West 2021). Section 134.101 assesses an additional $105 fee for persons convicted of felonies. *Id*. § 134.101(a). That $105 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id*. § 134.101(b). The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. *Id.*

The trial court assessed a county specialty court account fee of $25 in the bill of costs. The commission date of the offense for which Appellant was convicted is January 9, 2021. Therefore, assessment of a fee for the county court specialty account as part of the Local Consolidated Fee on Conviction of Felony is expressly authorized by Section 134.101 of the Texas Local Government Code. *Id*. § 134.101; *see **Hayes v. State***, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication). We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered June 16, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 16, 2022**

**NO. 12-22-00022-CR**

**GREGGOREY DUANE BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0297-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*